UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAULETTE CARPOFF,<br><br>Defendant. | No.  2:20-cr-00018-DAD<br><br>ORDER DENYING DEFENDANT PAULETTE CARPOFF'S MOTION TO CORRECT AND REDUCE HER SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 65) |

On February 5, 2024[1], defendant Paulette Carpoff filed a *pro se* motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines.  (Doc. No. 65.)  On February 7, 2024, the motion was referred by minute order to the Office of the Federal Defender ("FDO") for possible assumption of representation.  (Doc. No. 66.)  On March 14, 2024 the FDO filed a notice with the court indicating that it would not be assuming defendant's representation in connection with the pending motion.  (Doc. No. 67.)  On April 3, 2024, the government filed an opposition to defendant's motion.  (Doc. No. 68.)  Defendant Paulette Carpoff did not file a reply.

Because defendant Paulette Carpoff is not eligible for the relief she seeks pursuant to § 3582(c)(2), the court will deny the pending motion to correct and reduce her sentence.

---

[1] On December 14, 2022, this and several related cases were reassigned to the undersigned. (Doc. No. 62.)

1

**BACKGROUND**

On January 24, 2020, pursuant to a plea agreement, defendant Paulette Carpoff entered pleas of guilty to Conspiracy to Commit an Offense Against the United States in violation of 18 U.S.C. § 371 as charged in Count 1 of the indictment and to Money Laundering in violation of 18 U.S.C. § 1957(a) as charged in Count 2. (Doc. Nos. 10; 11; 44 at 1.)

The presentence report ("PSR") prepared in defendant's case calculated her total offense level as 43 and her criminal history category as I (based on a finding of a criminal history score of 0), resulting in an advisory sentencing guidelines range calling for a term of imprisonment of 180 months. (Doc. No. 44 at 14–15, 24.) Based upon defendant Carpoff's total offense level, the advisory guideline range would have called for a term of life imprisonment but for the statutory maximum sentence of 60 months on Count 1 and 120 months on Count 2, as a result of which the guideline range became the statutory maximum of 180 months. (*Id.* at 24.) Also of note, in calculating defendant's total offense level, she was assessed a 3-point upward adjustment for her role in the offense based upon a finding that she was a manager or supervisor of a criminal activity involving five or more participants. (*Id*. at 14.)

At the sentencing hearing on June 28, 2022, the sentencing judge adopted the findings of the PSR as to offense level, criminal history category and advisory guideline range. The government ultimately recommended a downward departure and requested imposition of a 135-month term of imprisonment. (Doc. Nos. 49-1; 57 at 9.) The sentencing judge followed the government's recommendation and imposed a 135-month term of imprisonment with a 24-month term of supervised release to follow and restitution ordered in the amount of $661,043,035.06. (Doc. Nos. 51, 55, 57.) The court entered judgment on July 8, 2022. (Doc. No. 55.)

In her pending motion, defendant Paulette Carpoff moves to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."). (Doc. No. 65.) Specifically, defendant contends that she is eligible for a sentence reduction based on Part B of Amendment 821 and U.S.S.G. § 4C1.1(a). (*Id*.) That new provision reduced the advisory sentencing guideline range for those who had no criminal history points— so-called zero-point offenders.

**ANALYSIS**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

Defendant contends that at the time of her sentencing she had no prior criminal history, is a zero-point offender and is entitled to a reduction in her sentence. (Doc. No. 65.)

As the government points out in its opposition, however, although defendant Paulette Carpoff was assessed no criminal history points, she was assessed an aggravating role in the

offense of conviction under U.S.S.G. § 3B1.1 based upon a finding that she was a manager or supervisor of criminal activity that involved five or more participants. (Doc. No. 44 at 14.) The fact that she received that role upward adjustment renders defendant ineligible for the requested relief. *See* U.S.S.G. § 4C1.1 (a)(10); *see also United States v. Cervantes*, 109 F.4th 944, 947–48 (7th Cir. 2024); *United States v. Leyva*, No. 1:12-cr-00328-4 JLT SKO, 2024 WL 4480205, at *2 (E.D. Cal. Oct. 11, 2024) (holding that because the defendant received an upward adjustment under § 3B1.1, he "does not meet the criteria set forth at U.S.S.G. § 4C1.1(a)(10) and, as a result, he is ineligible for relief under 18 U.S.C. § 3582(c)(2)"); *United States v. Cabrera-Arteaga*, No. 12-cr-00030-EMC-19, 2024 WL 4133809, at *1 (N.D. Cal. Sept. 9, 2024) ("While Mr. Cabrera-Arteaga has zero criminal history points, he does not qualify for the two-level reduction for zero-point offenders because of the adjustment for Aggravating role. *See* USSG § 1B1.10 Part B, USSG § 4C1.1(a)(10).")

Moreover, even if defendant Paulette Carpoff was not rendered ineligible based upon her having received an aggravating role upward adjustment to her offense level, she would still not be entitled to the requested sentence reduction. In this regard, defendant received a sentence well below the applicable guideline range based on the statutory maximum of 15 years as a starting point before downward departure. Even if she now received a two-point downward adjustment as a zero-point offender, defendant's offense level would be 41, resulting in an advisory guideline range calling for a term of imprisonment of between 324 and 405 months. Thus, the government is correct in arguing that defendant would still not be eligible for the requested relief because she already received a below-the-guideline-range sentence based upon the court's downward departure from the statutory maximum sentence. (Doc. No. 68 at 5–6.) As one district court has explained under somewhat similar circumstances:

> [A] court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" that would have been applicable if a new guideline were effective at the time of sentencing. U.S.S.G. § 1B1.10(b)(2)(A). Assuming Defendant could receive a zero-point offender adjustment, the amended guideline range for imprisonment based on a total offense level of 27 and criminal history category of I would be 70–87 months. That range exceeds the 60-month sentence the Court imposed, so a further reduction is prohibited.

*United States v. Berkett*, No. 2:21-cr-00292-MCS-1, 2024 WL 1516317, at *2 (C.D. Cal. Apr. 8, 2024); *see also United States v. Pacheco*, No. 17-cr-00324-BLF-3, 2024 WL 2304574, at *2 (N.D. Cal. May 20, 2024) ("Defendant already received a sentence of 140 months, which is below the low end of the amended guideline range.  In this circumstance, no relief is permissible under Part A.") (citing § 1B1.10(b)(2)(A) and *Dillon*, 560 U.S. at 827); *United States v. Rodgers*, No. 4:20-cr-0094-DGK-1, 2024 WL 1660546, at *1 (W.D. Mo. Apr. 17, 2024) (denying zero-point offender relief because the defendant's "ultimate guidelines range was still capped at the statutory maximum").[2]

Because defendant Paulette Carpoff is ineligible for a modification of her sentence based on Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to consider again the § 3553(a) sentencing factors.  *Dillon*, 560 U.S. at 826–27.  The pending motion for a sentence reduction will therefore be denied.

## CONCLUSION

For the reasons explained above, the court denies defendant Paulette Carpoff's motion for correction and reduction of her sentence pursuant to § 3582(c)(2).  (Doc. No. 65.)  The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:  **November 8, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] Although defendant does not seek a reduction of her sentence pursuant to Part A of Amendment 821, it is clear that she is ineligible for relief under that provision as well.  Part A of Amendment 821 decreases the "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence.  However, defendant's PSR does not reflect that she was under any criminal justice sentence when she committed the offense for which she was sentenced and she did not receive any status points. (Doc. No. 44 at 15.)